# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAQUON K. BETHEA,**

      Petitioner,

v.                                              **CIVIL ACTION NO. 3:07cv95**
                                                   **(Judge Bailey)**

**JOYCE FRANCIS, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 27, 2007, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, challenging the Bureau of Prisons' calculation of his jail credits for time served in the District of Columbia jail. On that same date, the petitioner paid the $5.00 filing fee. By Order entered on August 28, 2007, this Court directed the respondent to show cause why the writ should not be granted. On September 27, 2007, the respondent filed a Response to the Show Cause Order.

### II. FACTS

On April 10, 2007, the Superior Court for the District of Columbia sentenced petitioner to a six (6) month sentence, followed by five (5) years of supervised release, on a contempt charge. The petitioner was committed to the custody of the Attorney General and was designated to FCI Gilmer. It would appear that the circumstances giving rise to the contempt charges occurred on December 14, 2006. The petitioner appears to be alleging that the BOP failed to credit him with time spent in the District of Columbia Jail before his transfer to FCI Gilmer. The petitioner was released from federal custody on September 21, 2007, via full term release.

### III. ANALYSIS

1

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenged the BOP's calculation of his sentence, and presumably, the relief he sought was an earlier projected release date. However during the less than ten weeks that this matter was pending before this Court, the petitioner's federal sentence expired, and he is no longer in the custody of the BOP.

Article III of the Constitution requires that federal courts adjudicate only cases and controversies where the controversy is live and ongoing. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In prison litigation cases, courts have consistently held that when a prisoner is no longer subject to the alleged unconstitutional conditions, his claim is moot. See Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)(prisoner's transfer from protective custody to the general population mooted request); Van Deusen v. Evatt, No. 93-6314, 1994 WL 276758 *2 (4th Cir. June 20, 1994)(inmate's release from prison rendered his claim for injunctive and declaratory relief moot as a plaintiff "must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged misconduct."); Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991)(prisoner's injunctive and declaratory relief claims moot on account of inmate's transfer); Wharton v. Hood, No. 99-01321. 2001 WL 1664465 (9th Cir. 1987)(no case or controversy since petitioners cannot be released from a term of imprisonment already served.

Inasmuch as the petitioner has been released from the custody of the BOP, this case is now

moot.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: October 1, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE